

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: GEORGIA DAVIS HENRY, )<br>          Debtor, )<br>-------------------------------------------------- )<br>MARILYN O, MARSHALL, Trustee, )<br>  )<br>      Appellant, )<br>      vs. )<br>  )<br>GEORGIA DAVIS HENRY, )<br>  )<br>      Appellee. ) | No.  06 C 4084 |

## MEMORANDUM OPINION AND ORDER

This case is before this court on plaintiff-appellant's appeal from a decision rendered by the United States Bankruptcy Court for the Northen District of Illinois. In re Henry, 343 B.R. 190 (N.D.Ill.2006). Therein, the bankruptcy judge denied the motion of the Chapter 13 trustee, Marilyn O. Marshall, to dismiss defendant-appellee's Chapter 13 bankruptcy case. For the following reasons, the decision of the bankruptcy court is affirmed.

## BACKGROUND

Debtor Georgia Davis Henry filed a petition for relief under Chapter 13 of the Bankruptcy Code on June 4, 2001. Her 36-month plan, with an additional 24 months, if necessary, was confirmed on August 31, 2001, and required Henry to pay $1,224 per month to the trustee. Based on the debtor's schedules and claims filed at that time, the plan was feasible when it was confirmed. More than two months later, the Internal Revenue Service (IRS) filed a claim against Henry in the amount of $38,499.46, consisting of a $33,138.28 secured claim based on a lien against Henry's house, a $4,918.08 unsecured priority claim, and a $443.10 general unsecured claim. On May 1, 2006, in response to Henry's request and in

recognition of her available equity, the IRS secured claim was reduced to $21,000 and the unsecured claim was increased proportionally. Initially, Henry had scheduled the IRS claim as an unsecured claim of $31,277.10. The correction of that mismarking ultimately altered Henry's ability to complete her plan within the designated 60 months.

Although her income is only $1,917 per month, Henry has diligently made the payments under her plan, missing only 2 of 59 payments. Both missed payments came on the heels of family deaths, causing Henry to expend her monthly income for travel to the funerals. Claiming that Henry will be unable to complete her plan within 60 months, and thus materially default on a term of the confirmed plan, on March 27, 2006, the trustee moved for dismissal of Henry's case. Accounting for Henry's consistent payments and the circumstances of her case, and based on her reading of the Bankruptcy Code, Bankruptcy Judge Pamela Hollis denied the trustee's motion. This appeal followed.

## DISCUSSION

This court has jurisdiction over bankruptcy appeals under 28 U.S.C. § 185(a). Acting in an appellate capacity in such proceedings, we accept the bankruptcy court's findings of fact unless clearly erroneous, but review conclusions of law *de novo*. <u>Matter of UNR Industries, Inc.</u>, 986 F.2d 207, 208 (7th Cir.1993); <u>Meyer v. Rigdon</u>, 36 F.3d 1375, 1378 (7th Cir.1994); FED.R.BANKR.P. 8013. In this case, the trustee seeks a review of the following questions: (1) whether cause to dismiss a case under 11 USC § 1307(c) exists when the plan will extend beyond the 60-month term limit imposed in 11 USC §§ 1322(d) and 1329(c); (2) whether the bankruptcy court erred in finding that the debtor is not in material default of a term of the confirmed plan, pursuant to § 1307(c); and (3) whether the bankruptcy court erred in its use and application of the four-factor test adopted in <u>In re Brown</u>, 296 B.R. 20

(Bankr.N.D.Cal.2003). The first two queries are related and are primarily questions of law that we shall review *de novo*. The third query is a review of the bankruptcy court's discretion in denying the trustee's motion to dismiss, and we review such a determination for abuse of discretion. <u>Cumbo v. McDow</u>, 2006 WL 3692665, *2 (E.D.Va.2006); <u>In re Reed</u>, 2005 WL 1383868, *2 (N.D.Ind.2005).

We begin with the question of law, whether cause existed for the dismissal of plaintiff's case under § 1307(c)(6) for failure to complete her plan within the 60-month limit set forth in §§ 1322(d) and 1329(c). We begin with the language of the statutes. Section 1307 governs the conversion or dismissal of Chapter 13 plans, and sets forth a non-exhaustive list of causes for such action. Section 1307(c)(6), under which the trustee proceeds, states:

> Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including – (6) material default by the debtor with respect to a term of a confirmed plan.

The trustee argues that "cause for dismissal exists when a plan exceeds the sixty-month term limit of sections 1322(d), 1329(c), and the specific limit contained in the debtor's confirmed plan" (trustee's brief, at 3). Section 1322(d), governing the confirmation of plans, states – depending on the current monthly income of the debtor and his or her spouse – that "the plan may not provide for payments over a period that is longer than 5 years," or "the plan may not provide for payments over a period that is longer than 3 years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than

5 years." 11 U.S.C. 1322 (d)(1)(C), (d)(2)(C).[1] Section 1329(c), governing the modification of plans, states: "A plan modified under this section may not provide for payments over a period that expires after the applicable commitment period under section 1325(b)(1)(B) after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time."

Recognizing that some courts have looked to § 1322(c) to dismiss a case where Chapter 13 plan payments would continue beyond five years, the bankruptcy judge in this case rejected such a proposition where the terms of the confirmed plan did not anticipate such an extension. Finding that § 1322(d) deals with confirmation, not dismissal, of a plan, and recognizing that § 1307(c) does not indicate payments beyond the sixtieth month as cause for dismissal, Judge Hollis determined that she was not required to dismiss Henry's case for its failure to complete within five years. 343 B.R. 190. We find Judge Hollis' reasoning thoughtful and persuasive, and adopt it.

Bankruptcy courts have not come to a consistent conclusion as to whether § 1322(d) or § 1329(c) require dismissal of a Chapter 13 case for cause when a confirmed plan, due to circumstances unknown to the debtor prior to the plan's confirmation, requires more than 60 months to complete.[2] Some bankruptcy courts have granted motions to dismiss where

---

[1]In 2001, upon confirmation of Henry's plan, § 1322(d) read: "The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years." The change makes no difference in our current analysis.

[2]Neither have academics. Collier on Bankruptcy states, "the fact that a debtor does not actually conclude the payments within the stated period does not constitute a violation of section 1322(d). The subsection focuses on the payments provided for by the plan. If payments are late, but the debtor is substantially complying with the plan, the court should allow the plan to be completed within a reasonable time after the stated term." COLLIER ON BANKRUPTCY ¶ 1322.7[2] (Alan Resnick & Henry Sommer eds., 15th ed. 2006). Another Chapter 13 bankruptcy treatise states the opposite proposition: "That the debtors are in

payments will continue beyond the five year limit imposed in § 1322(d). *See* In re Roberts, 279 B.R. 396 (1ˢᵗ Cir.BAP 2000) (debtor's failure to pay IRS tax claims in full within five years warranted dismissal under § 1307); In re Goude, 201 B.R. 275, 276 (Bankr.D.Or.1996) ("Since the maximum time allowed to complete the payments under a Chapter 13 plan has expired, this case must be dismissed"); In re Jackson, 189 B.R. 213, 214 (Bankr.M.D.Ala.1995) (pointing to the clear language of 11 U.S.C. § 1322(d)); In re White, 126 B.R. 542 (Bankr.N.D.Ill.1991) (granting motion to dismiss pursuant to § 1307(c)(6)); In re Woodall, 81 B.R. 17 (E.D.Ark.1987) (granting motion to dismiss where claims for post-petition taxes extended the payments of a Chapter 13 plan beyond five years). Like Judge Hollis, however, other bankruptcy courts have come to the opposite conclusion. *See* Brown, 296 B.R. at 22 (noting that "while the court may not confirm a plan which is to run for more than 60 months, nothing in the Code mandates dismissal of a case with a confirmed plan which ends up needing some extra time to complete"); In re Aubain, 296 B.R. 624 (Bankr.E.D.N.Y.2003) (allowing debtor to cure a default on his already-scheduled payments, even where the 60-month time period had elapsed); In re Harter, 279 B.R. 284 (Bankr.S.D.Cal.2002) (allowing debtor to complete his Chapter 13 plan within a reasonable time period beyond the maximum five-year plan period provided in § 1322(d)); In re Linzy, 2002 WL 32114564, *4 (Bankr. E.D.Ark. 2002) (denying modification of a plan to exceed five years, but noting that "[w]hile this provision mandates a maximum length for chapter 13 plans before they can be confirmed, it does not provide that chapter 13 cases must be dismissed if they do in fact extend beyond a five-year

---

default of payments and the plan exceeds the five-year limitation in § 1322(c) is cause for dismissal.... Even when the debtor is not in default under the confirmed plan, a plan that exceeds five years that cannot be modified to complete payments within five years has been dismissed for cause." CHAPTER 13 BANKRUPTCY § 334.1 (Keith Lundin ed., 3d ed. 2000).

period"); In re Black, 78 B.R. 840, 842 (Bankr.S.D.Ohio 1987) (finding that "while Congress' intention to prohibit lengthy plans is evidenced in its legislative history, case precedent and the Code, § 1322(c) cannot serve as statutory support for the dismissal of a properly-confirmed plan whose payments have continued beyond five years"). The Brown court rejected Jackson for its inability to distinguish between criteria for confirmation (§ 1322(d)) and criteria for dismissal (§ 1307(c)). 296 B.R. at 22. The Harter court distinguished Goude, noting that it was no longer good law in the Ninth Circuit and, even if it was, it could be distinguished on the basis that the debtors in Goude indicated that they were unable to make up the short fall in their plan payments. 279 B.R. at 287.

What is clear, however, is that the decision to convert or dismiss a Chapter 13 case pursuant to § 1307(c) is a matter of discretion for the bankruptcy court. In re Cutillo, 181 B.R. 13, 14 (Bankr.N.D.N.Y.1995) (the decision should be "based upon consideration of what is in the best interest of creditors and the estate" and the analysis should be undertaken on a "case-by-case basis"); White, 126 B.R. at 546 ("Dismissal or conversion under [§ 1307] is not automatic, rather it is a matter of the Court's discretion"). What is also clear is that Congress' intent in limiting the time span of a Chapter 13 plan was to protect debtors from a form of involuntary servitude. See In re Nahat, 315 B.R. 368, 374 (Bankr.N.D.Tex.2004) (citing H.R.Rep. No. 95-595, at 117, 321-22 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6078 and S.Rep. No. 95-989, at 33 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787); Woodall, 81 B.R. at 18 ("the legislative history concerning 11 U.S.C. § 1322(c) clearly indicates that chapter 13 cases should not be extended beyond five years, otherwise a debtor could become a 'wage slave'"); Black, 78 B.R. at 841-42.

Once we acknowledge that dismissal under § 1307 is a discretionary matter for the

bankruptcy court, we find that Judge Hollis was not required to dismiss Henry's case simply because Henry's plan would not complete until after 60 months had elapsed. And looking at the statutes, case law, and legislative history, we agree with Judge Hollis' rationale in denying the motion to dismiss. Nothing in § 1307 requires such dismissal. The sections for confirmation and modification are separate and distinct from § 1307, which governs conversion and dismissal. And the discretionary nature of § 1307 is inconsistent with the trustee's suggestion that the bankruptcy court was required to dismiss Henry's case under that section. Finally, that the legislative history indicates that § 1322(d) was created to protect the debtor seems to suggest that it would be inconsistent to utilize such language to knock out the debtor's plan for relief. Such is true especially here, where Henry has made five years worth of payments on her plan. As we have determined that Judge Hollis was not required to dismiss Henry's case, we now analyze whether she abused her discretion in applying the <u>Brown</u> factors in her analysis of the trustee's motion to dismiss.

Judge Hollis was not required to follow the four-factor test set forth in <u>Brown</u>, a bankruptcy case in the Northern District of California.[3] The <u>Brown</u> factors, however, seem reasonable in light of the purpose of the Bankruptcy Act and the practical purpose for Chapter 13 plans, and thus, it was not an abuse of discretion to do so. Nor was her application an abuse of discretion. Judge Hollis determined that, in light of Henry's history of diligent payments, the trustee's failure to bring a motion to dismiss until Henry had made such payments for four and-a-half years, and the court's conclusion that Henry reasonably did not

---

[3]The trustee argues that Judge Hollis erred in using the <u>Brown</u> test because "[a]dopting the <u>Brown</u> test is in direct contravention of the code's mandates and unnecessarily complicates the simple question of plan feasibility" (trustee's motion, at 7). Such an argument is based on the contention that §§ 1322(d) and 1329(c) require dismissal of a plan wherein monthly payments exceed 60 months. We have already disposed of such an argument and will not rehash it here.

know the status of the IRS tax lien that was the cause of the delay, the extra 30 months it would take Henry to complete her plan was reasonable. Although the trustee argues that the bankruptcy judge "did not assign enough weight to the debtor's lengthy completion date," and disagrees with the court's examination of the third and fourth factors (trustee's brief, at 7), her arguments are unpersuasive. Although it is unclear who was at fault for the lengthy time between the confirmation of the plan and the motion for dismissal, it is clear that such a motion was not sought for more than four years. Thus, as noted by the <u>Brown</u> court, "it would be extremely cruel to pull the rug out from under [debtor] at this late date." Additionally, in our review of the facts of the case and the bankruptcy court's order, we determine that it was reasonable for the bankruptcy court to find that, like <u>Brown</u>, there was no evidence that the mistake in designation of debtor's tax liability was intentional or negligent. There was no abuse of discretion.

## CONCLUSION

For the reasons stated above, we affirm the bankruptcy court's denial of the trustee's motion to dismiss.

**JAMES B. MORAN**
Senior Judge, U. S. District Court

_____Feb. 13_____, 2007.